UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

LUZ MARIA AGUILAR HARO,

    *Petitioner,*

v.    Civil Action No. 10-C-0389

DAVID FLIPPIN WOLTZ,
    *Respondent,*

---

## PETITION FOR ISSUANCE OF A SHOW CAUSE ORDER AND FOR RETURN OF CHILD TO MEXICO

### I. Introduction

1. Petitioner, Luz María del Sagrado Corazón Aguilar Haro, also known as Luz María Aguilar Haro, is a Mexican citizen, national, and resident seeking the return of her wrongly retained minor child, who was unlawfully retained in the United States by the child's father beyond the date agreed to by the child's mother and father in or about June 2009. Petitioner brings this action pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, reprinted in 51 Fed. Reg. 10494 (1986)) (hereinafter, the "Convention," a copy of which is attached hereto as Exhibit A.) The Convention came into effect in the United States of America on July 1, 1988, and was ratified between the United States and Mexico on October 1, 1991. Article I of the Convention explains that its objectives are: "(a) to secure the prompt return of children wrongfully removed to or retained in any Contracting states; and (b) to ensure that rights of custody

1

and of access under the law of one Contracting State are effectively respected in other Contracting States." Article II of the Convention provides that "[t]he judicial or administrative authorities shall act expeditiously in proceedings for the return of children."

2. The provisions of the Convention have been given the force and effect of law by the United States Congress through the passage of the International Child Abduction Remedies Act, 42 U.S.C. §11601 et seq. (1995) (hereinafter "ICARA"). The ICARA was enacted for the specific purpose of "establish[ing] procedures for the implementation of the Convention in the United States." 42 U.S.C. §11601(b)(1).

## II. Jurisdiction and Venue

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 42 U.S.C. §11603(a).

4. Venue is proper in the Eastern District of Wisconsin, Green Bay Division, pursuant to 28 U.S.C. §1391(d) and 42 U.S.C. §11603(b), because the Respondent and the child who is the subject of this Petition are located in Appleton, Wisconsin, a municipality in Calumet, Outagamie, and Winnebago Counties.

## III. Parties and Wrongfully Retained Child

5. The Petitioner, Luz Maria Aguilar Haro (hereinafter "Petitioner"), is a Mexican citizen and a resident of Mexico City, Mexico. Petitioner is both an "applicant" as defined in 42 U.S.C. §11602(1) and a petitioner as defined in 42 U.S.C. §11602(4).

6. Respondent, David Flippin Woltz, also known as David Flippin Woltz Brown, (hereinafter "Respondent"), is a citizen of the United States of America. He is also a "respondent" within the meaning of 42 U.S.C. §11602(6). On information and belief,

2

Respondent is currently residing at 612 East Castlebury Lane, Appleton, Wisconsin 54913-6335.

7. Petitioner and Respondent are the parents of Nikolas Woltz Aguilar (hereinafter "Nikolas"), a child who was born in Veracruz, Mexico on June 27, 1996. Nikolas is a minor under the age of 16 who is thus subject to the terms of this Convention in accordance with Article 4 thereof. A copy of the child's birth certificate, together with an English translation, is attached as Exhibit B.[1]

8. Petitioner and Respondent had a relationship in Mexico City, Mexico during the year 1995. Petitioner became pregnant in or about September 1995 as a result of this relationship.

9. In or about December 1995, Respondent moved to Miami, Florida, U.S.A.

10. After Respondent moved, Petitioner gave birth to Nikolas, and Nikolas resided with Petitioner in Mexico.

11. Petitioner was solely financially responsible for Nikolas from his birth until July 1997, and from April 1998 through May 2004. Thereafter, Respondent contributed $800 each month to support Nikolas until June 2008.

12. Respondent did not immediately acknowledge that Nikolas was his son and did not visit Nikolas until Nikolas was two months old; thereafter Respondent visited only irregularly, until Nikolas was one year and eight months old. At that time, Respondent ceased visiting Nikolas entirely.

13. Respondent had no further contact with Nikolas until Nikolas was seven

---

[1] Consistent with the urgent nature of Petitions brought under the Convention, the ICARA exempts supporting documents from the requirement of authentication. 42 U.S.C. §11605

3

years old.

14. When Nikolas was seven years and eleven months old, Respondent legally acknowledged Nikolas. Following this acknowledgement, on May 25, 2004, the Sixth Judge of First Instance for the Judicial District of Veracruz legally declared Respondent to be Nikolas's father. Following Respondent's acknowledgement of Nikolas, in or about June 2004, Petitioner and Respondent agreed that Nikolas would visit with Respondent at Respondent's home in the U.S.A. during the two week Holy Week school break, and for a month during Nikolas's summer breaks.

15. In or about June 2007 Respondent moved from Miami, Florida to Appleton, Wisconsin. The previously agreed upon visits referred to in paragraph 14 continued in Respondent's new location.

16. In or about June 2008, Petitioner and Respondent agreed that Nikolas would spend one school year with Respondent for the purpose of learning the English language: from August 2008 until June 5, 2009.

17. On or about July 19, 2008, Nikolas went to Appleton, Wisconsin to visit with Respondent as agreed.

18. During the time Nikolas was visiting with Respondent, Petitioner sent Respondent $15,000.00 (Fifteen thousand Mexican pesos) to pay Nikolas's expenses.

19. In April 2009, Respondent informed Petitioner that, despite their agreement, Nikolas would not be returning to Mexico with Petitioner in June 2009 or thereafter. From this, Petitioner concluded that Respondent had no intention of ever allowing Nikolas to return to Mexico with Petitioner. Petitioner continued to entreat Respondent to comply with their agreement.

20. On April 15, 2009, Respondent filed an action for custody of Nikolas in the Outagamie County Circuit Court, Family Court. Said action was filed as 09 PA 97.

21. On or about April 27, 2009, Petitioner informed Respondent that she intended to travel to Wisconsin in order to take Nikolas back to his habitual residence in Mexico. Petitioner explained that she would arrive shortly after the school year ended, on June 5, 2009. On April 30, 2009, Petitioner informed Respondent that she would arrive in Wisconsin on June 5, 2009.

22. On May 14, 2009, Petitioner submitted a formal request for the return of her child to the Mexican Central Authority with responsibility for implementing the Convention. The Mexican Central Authority, in accordance with the Convention, forwarded Petitioner's application for return to the United States Department of State, which is the Central Authority carrying responsibility for implementing the Convention in the United States. Petitioner's Request for Return, together with an English translation thereof is attached as Exhibit C.

23. On May 29, 2009, the Outagamie County Circuit Court, Family Court held a hearing regarding Nikolas.

24. On June 2, 2009, the Outagamie County Circuit Court, Family Court entered an order granting Respondent custody of Nikolas, despite the fact that Nikolas's habitual domicile is Mexico City, Mexico.

25. On June 4, 2009, Petitioner and her daughter traveled from Mexico City to Appleton, Wisconsin, as Petitioner had informed Respondent she would, to again request that Respondent return Nikolas to his domicile in Mexico City, Mexico. Respondent persisted in his refusal to abide by the agreement between Petitioner and Respondent.

26. Petitioner remained in Appleton, Wisconsin, U.S.A. for three days, but Respondent still refused to return Nikolas to her, and informed Petitioner that Nikolas would not be returning to Mexico with Petitioner. During Petitioner's three day stay, Respondent allowed Petitioner to spend only five hours with Nikolas., but never by herself.

27. Following her return to Mexico, Petitioner instituted an action for custody of Nikolas in Mexico, the country of Nikolas's habitual residence.

### IV. Respondent's Violation of the Convention and the ICARA

28. At the time Respondent wrongfully retained Nikolas in the United States in June 2009, his habitual residence, within the meaning of Article 3 of the Convention, was Mexico City, Mexico.

29. Because Nikolas's habitual residence at the time he was wrongfully retained in the United States was in Mexico City, Mexico, Petitioner's custodial rights are defined by Mexican law. Convention Art. 3(a).

30. Petitioner has custodial rights pursuant to the agreement between Petitioner and Respondent, which made the child's retention in the United States contrary to Petitioner's custodial rights.

31. Because Respondent's retention of Nikolas away from his habitual residence in Mexico City, Mexico violated Petitioner's custodial rights, his retention was wrongful within the meaning of Article 3 of the Convention and in violation of Petitioner's rights under the Convention and the ICARA, 42 U.S.C. §11601, *et seq.*

32. Because Respondent's retention of Nikolas away from his habitual residence was wrongful, the Convention and the ICARA authorize this Court to order the return of

the child forthwith. Convention, Art. 3; 42 U.S.C. §11603.

33.  42 U.S.C. §11604(b) conditions this Court's authority to order a child removed from a person having physical control of the child on the satisfaction of applicable requirements of state law.  The relevant Wisconsin law, section 29 of the UCCJEA, WIS. STAT. ANN. §822.29 (West 2009), requires a party's initial pleading to include certain information under oath regarding the child.  Pursuant to Section 29 of the UCCJEA, Petitioner declares as follows:

> A.  On information and belief, Nikolas's present address is 612 East Castlebury Lane, Appleton, Wisconsin 54913;
>
> B.  For the past five years, Nikolas has lived at his habitual residence with Petitioner at Avenida San Jeronimo 1687, Lomas Quebradas, Mexico City, Mexico 10000.  Nikolas has visited with Respondent at an unknown address in Miami, Florida and at 612 East Castlebury Lane, Appleton, Wisconsin 54913;
>
> C.  Other than as noted in paragraphs 22 and 27, *supra*, Petitioner has not participated as a party or witness or in any other capacity, in any other proceeding concerning the custody of or physical placement or visitation with Nikolas.
>
> D.  Petitioner is aware of a court proceeding filed by Respondent in the Circuit Court of Outagamie County, Family Court Branch VI, as case number 09 PA 97, however, Petitioner asserts that, due to Respondent's wrongful retention of Nikolas in Wisconsin, said proceeding is not determinative of this matter pursuant to Arts. 16 and 17 of the Convention

7

Case 1:10-cv-00389-WCG   Filed 05/06/10   Page 7 of 11   Document 1

and WIS. STAT. ANN. §822.28.

E. Furthermore service was not proper in the above mentioned instance pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at the Hague on November 15, 1965 (T.I.A.S. No. 6638, 658 U.N.T.S. 163) for these reasons:

1. Respondent did not submit a request for service to the Mexican Ministry of Foreign Affairs, the Mexican central authority for international service of process.

2. Petitioner was allegedly served in Mexico by substitute service, a form of service not authorized by Mexican law.

3. Mexico's accession to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters requires service of judicial documents be in conformity with the Convention. T.S. No. 2117 at 357.

F. Petitioner does not know of any person or institution not a party to this proceeding who has physical custody of the child or claims rights of legal custody or physical custody of, or visitation with, the child.

34. The ICARA also authorizes this Court, "[i]n furtherance of the objectives of … the Convention … [to] take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C. §11604. Under Section 210(a) of the UCCJEA, "[t]he court may order any party to the proceeding

who is in this State or over whom the court has personal jurisdiction to appear personally before the court. If that party has physical custody of the child the court may order that he appear personally with the child..." WIS. STAT. ANN. §822.295 (West 2009).

35. A Complaint under the Convention may be treated as an application for a Writ of Habeas Corpus under 28 U.S.C. §2241, *et seq.*, pursuant to which this Court may issue an order directing Respondent to show cause on an expedited basis why Nikolas should not be returned immediately to the jurisdiction of his habitual residence in Mexico. *See Zajaczkowski v. Zajaczkowska*, 932 F. Supp. 128, 132 (D. Md. 1996) ("[T]he Court will treat the [Convention] petition as an application for a writ of habeas corpus ... pursuant to 28 U.S.C.A. §2243"); *see also Miller v Miller*, 240 F.3d 392, 397-98 (4th Cir. 2001); *In re: McCullough*, 4 F. Supp. 2d 411 (W. D. Penn., 1998); Convention, Art. 11 (Establishing six-week target time frame for resolution of petitions under the Convention).

36. Petitioner has incurred, and will continue to incur, various necessary expenses, including court costs, legal fees, transportation and other costs relating to the return of Nikolas.

**WHEREFORE,** Petitioner respectfully requests that this Court enter orders granting her the following relief:

    A.     A Preliminary Show Cause Order:

        1.     Commanding the Respondent (with or without the minor child) to appear in this Court to show cause why the minor child has been kept from his mother and why the minor child should not be returned to Mexico forthwith;

2. Requiring Respondent to surrender to this Court any passports, residency and travel documents in his name and/or in the name of Nikolas;

3. Prohibiting Nikolas's removal from the jurisdiction of this Court, pending final determination of the Petition;

4. Requiring Respondent to make Nikolas available for weekly communication via the internet and telephone pending a final resolution of the instant Petition; and

5. Providing that if Respondent fails to appear pursuant to this Court's Show Cause Order, this Court will issue an Order directing that the name of the minor child be entered into the national police computer system (N.C.I.C.) missing persons section and that an arrest warrant will be issued for Respondent; and

B. A Final Order:

1. Declaring and adjudicating that Respondent's retention of Nikolas in the United States of America was wrongful under Article 3 of the Convention;

2. Compelling the return of Nikolas to his habitual residence in Mexico City, Mexico;

3. Requiring Respondent to pay the necessary expenses incurred by Petitioner in connection with these proceedings, pursuant to 42 U.S.C. §11607(3); and

4. Granting such other and further relief as this Court deems just and

proper.

Respectfully submitted,

LUZ MARIA DEL SAGRADO CORAZÓN AGUILAR HARO

By: _____
One of Her Attorneys

11