UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

LUZ MARIA AGUILAR HARO,

      Petitioner,

vs.

DAVID FLIPPIN WOLTZ,

      Respondent.

Case No.: 10-C-0389

---

**RESPONSE TO PETITION FOR ORDER TO SHOW CAUSE
AND AFFIRMATIVE DEFENSES**

---

NOW COMES Respondent, David F. Woltz, by his attorneys, and as and for his Response to the Petition, states as follows:

1. Respondent admits that Petitioner is a citizen of Mexico. Pursuant to 42 U.S.C. 11601, et seq., the Petitioner, Luz Maria Aguilar Haro has not met the statutory requirements to provide for the extraordinary relief contained in the requested orders. Accordingly, it is respectfully requested that the application must be dismissed. Respondent further admits that both the United States and Mexico are Contracting States under the Convention on the Civil Aspects of International Child Abduction (hereinafter referred to as "The Convention"), the United States since July 12, 1988 and with an effective date with Mexico of October 1, 1991. However, while Respondent admits that the application of the Convention is designed to secure the return of wrongfully removed or retained child, Respondent vehemently denies that the minor child who are the subject of this application, Nikolas Woltz, has wrongfully removed or retained from his habitual residence within the meaning

of the Convention. Moreover, Respondent denies that the habitual residence of the child is or was at the relevant time Mexico.

2. The allegations in Paragraph 2 of the Petition calls for a legal conclusion, and thus no response is due. To the extent a response is due, respondent denies the allegations of Paragraph 2 of the Petition.

3. Respondent admits the allegations of Paragraph 3 of the Petition. Respondent further alleges that Article 19 of the Hague Convention on Civil Aspects of International Child Abduction provides that

> "a decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue." *Article 19 Hague Convention on Civil Aspects of International Child Abduction*

Further, the United States courts' authority is limited by the applicable substantive requirements of State law when considering a transfer of custody (42 U.S.C. 11604(d)(4)(a)(b). The Respondent does not believe that Article 19, and 42 11604(d)(4)(a) address identical aspects of the legal analysis, and indicates that no facts have been alleged to evoke either of these provisions in the Petitioner's application.

4. Respondent admits the allegations of Paragraph 4 of the Petition.

5. Respondent admits that Petitioner is a citizen of Mexico. Respondent denies the remaining allegations of Paragraph 5 of the Petition.

6. Respondent admits that he is a citizen of the State of Wisconsin and the united States, and resides at 612 East Castlebury Lane, Appleton, Wisconsin. Respondent denies the remaining allegations contained in Paragraph 6 of the Petition.

7. Respondent admits the allegations of Paragraph 7 of the Petition pertaining to the minor child's birth. Respondent denies the remaining allegations contained in Paragraph 7 of the Petition.

8. Respondent admits the allegations of Paragraph 8 of the Petition.

9. Respondent admits the allegations of Paragraph 9 of the Petition.

10. Respondent admits the allegations of Paragraph 10 of the Petition.

11. Respondent denies the allegations of Paragraph 11 of the Petition.

12. Respondent denies the allegations of Paragraph 12 of the Petition.

13. Respondent admits the lack of contact with Nikolas, but states that was a result of Petitioner refusing to allow Respondent access to Nikolas.

14. Respondent admits the allegations of Paragraph 14 of the Petition.

15. Respondent admits the allegations of Paragraph 15 of the Petition.

16. Respondent admits the allegations of Paragraph 16 of the Petition. Respondent affirmatively alleges that the purpose of Nikolas' visit to the United States was because Petitioner could not control Nikolas, and wanted Respondent to pay to send him to military school.

17. Respondent admits the allegations of Paragraph 17 of the Petition.

18. Respondent admits the allegations of Paragraph 18 of the Petition, but affirmatively alleges that petitioner provided 15,000 pesos, not U.S. Dollars.

19. Respondent denies the allegations of Paragraph 19 of the Petition.

20. Respondent admits the allegations of Paragraph 20 of the Petition.

21. Respondent admits the allegations of Paragraph 21 of the Petition.

22. w/o information

23. Respondent admits the allegations of Paragraph 23 of the Petition.

24. Respondent admits the allegations of Paragraph 24 of the Petition.

25. Respondent denies the allegations of Paragraph 25 of the Petition.

26. Respondent admits that Petitioner was in Appleton for a period of time. Respondent denies the remaining allegations contained in Paragraph 26 of the Petition.

27. Petitioner is without information to admit or deny the allegations in Paragraph 27, and therefore denies the allegations.

28. Respondent denies the allegations of Paragraph 28 of the Petition.

29. Respondent denies the allegations of Paragraph 29 of the Petition.

30. Respondent denies the allegations of Paragraph 30 of the Petition.

31. Respondent denies the allegations of Paragraph 31 of the Petition.

32. Respondent denies the allegations of Paragraph 32 of the Petition. Respondent affirmatively alleges that Article 13 and Article 17 of the Convention authorize this Court to ask Nikolas what he wants to do and to consider the June 2, 2009 decision of the Outagamie County Circuit Court.

33. Petitioner is without information to admit or deny the allegations in Paragraph 36, and therefore denies the allegations. See also Response to Paragraph 32 of the Petition.

34. The allegations in Paragraph 34 of the Petition calls for a legal conclusion, and thus no response is due. To the extent a response is due, respondent denies the allegations of Paragraph 34 of the Petition.

35. The allegations in Paragraph 34 of the Petition calls for a legal conclusion, and thus no response is due. To the extent a response is due, respondent denies the allegations of Paragraph 2 of the Petition.

36. Petitioner is without information to admit or deny the allegations in Paragraph 36, and therefore denies the allegations.

## AFFIRMATIVE DEFENSES

A. The Court must decline to return the subject child to the State of Greece pursuant to the provisions of 42 U.S.C. 11603, et. seq.:

    a. with regard to the minor child, pursuant to Article 12, it is uncontrovertable that at the date of the commencement of proceedings before the judicial authority of the Contracting State where the child are, there has been the expiration of the period of more than a year. Further, it can be demonstrated that the child, is "well settled" in the United States, his habitual residence.

    b. the Respondent asserts that the Petitioner was not actually exercising her custody rights at the time she alleges of the removal or retention, and had consented to and/or acquiesced within the meaning of Art.13(a) of the Convention;

B. The minor son, Nikolas, is of a sufficient age and maturity to object to a return pursuant to Article 13(b) of the Treaty.

C. As regards the minor, the Respondent denies that Petitioner exercised rights of Custody pursuant to Articles 3 and 5 of the Convention sufficient to seek any remedy under the provisions of this Treaty.

D. Respondent insists that the minor child was voluntarily relinquished to his custody for the purposes of returning to the United States as part of a joint family plan; as such, the Respondent denies that there has ever been a retention that could be considered wrongful within the meaning of the Convention.

E. Respondent denies that the minor child was habitually resident in the State of Mexico within the meaning of Article 3 at the time of the alleged wrongful removal and/or retention, or that any such wrongful removal or retention occurred at any time or place, and leaves the plaintiff to her proofs.

F. The Respondent admits that the Petitioner continues to reside in Mexico, but denies that the minor child's return to the United States was without the Petitioner's knowledge, involvement and consent, or that any action he has taken is in violation of laws of Mexico.

G. The Respondent admits that no child custody proceeding or other proceeding affecting the marital status of the parties had been initiated prior to the Respondent's return with the minor child to the United States.

H. The Respondent answers that the "habitual residence" pursuant to 42 USC §n11601 et. seq. ,is exclusively the United States of America and Wisconsin, and thus, the imposition of a stay by the Courts of the United States is inappropriate under Article 16 of the Convention.

I. The Respondent denies that the Petitioner's reference to extraordinary remedies provides this Court any factual or legal basis for the implementation of such a request.

J.  The Respondent denies that the child is in need of emergency protection. The Respondent denies that there is any articulated risk of removal of the minor child from the jurisdiction of this Court.

K.  The Respondent denies that there is any flight risk, or any behavior indicating a desire to remove the minor child from the jurisdiction at any time. The Petitioner provides no basis for the imposition of a bond in the absence of such allegations.

L.  The Respondent continues to reside in the same home for the last two years and there has been no effort or design to conceal the location or whereabouts of the child, and the child have been afforded regular telephone contact with the Mother. It is believed that she does not consistently avail herself of that opportunity.

M.  The Respondent denies that the Petitioner can, by preponderance of the evidence, demonstrate that the location of or access to the subject child have, in any way, been kept from the Petitioner.

N.  The Respondent denies that the provisional remedies requested by Petitioner under 42 U.S.C. §11604 are necessary or appropriate.

## **RELIEF REQUESTED**

WHEREFORE, the Respondent David F. Woltz respectfully requests the following relief:

For an Order pursuant to 42 U.S.C. §11601 et. seq.

A.  Dismissing the Petition as filed and denying all other requested relief of the Petitioner;

7

B. Finding that the United States is, for all relevant purposes, the habitual residence of the minor child who are the subject of this application and/or

C. Finding that no wrongful removal or retention has occurred pursuant to Articles 3 and 5 of the Treaty.

D. For an Order pursuant to 42 U.S.C. 11604, and pending further order of the court, reflecting the consent of the Petitioner to restraints from removing the minor child, while this matter is pending, from the jurisdiction of this court, other than the trips in the normal course through the State of Wisconsin, such as if they travel with his father or on school trips as he has on prior occasions.

E. For an Order dismissing completely the prayer for relief contained in the application as made by the Petitioner, and directing the parties to a State Court of competent jurisdiction regarding the terms and conditions of parenting time, and any enforcement of any foreign orders which may in the future be alleged to be capable of such enforcement.

F. For an Order dismissing completely the prayer for relief contained in the application as made by the Petitioner, as failing to demonstrate on the face of the pleadings a prima facie case asserting a wrongful removal or retention from the state of habitual residence in violation of rights of custody that existed or would have been exercised but for the wrongful removal and retention.

G. Finding that pursuant to 42 U.S.C. §11601, substantially more than one year has elapsed since the date alleged to constitute the wrongful

removal and the initiation of the proceeding, and the child is "well-settled" in the United States within the meaning of the Treaty.

H. Denying, pursuant to Article 26 of The Convention and 42 U.S.C. §11607, any payment of expenditures and/or costs to date alleged by Petitioner to be compensable in this matter.

I. For such further relief as the Court may deem equitable and just.

Dated this 3rd day of June, 2010.

By: s/Nathaniel Cade, Jr.

**RICHARD J. PODELL & ASSOCIATES, S.C.**
Richard J. Podell, SBN 1012499
100 East Wisconsin Avenue, # 2330
Milwaukee, WI 53202-4107
(414) 224-6060 (phone)
(414) 224-6067 (fax)
rjpodell@sbcglobal.net

**MICHAEL BEST & FRIEDRICH LLP**
Nathaniel Cade, Jr., SBN 1028115
100 East Wisconsin Avenue, #3300
Milwaukee, WI 53202-4108
(414) 271-6560 (phone)
(414) 277-0656 (fax)
ncade@michaelbest.com

**Attorneys for Respondent,
David Flippin Woltz**

R:\FIRM\000000\0770\A3928912.0

9
Case 1:10-cv-00389-WCG   Filed 06/03/10   Page 9 of 9   Document 15